UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA T. EVANS,

       Plaintiff,                        CIVIL ACTION NO. 09-10184

      v.                               DISTRICT JUDGE ROBERT H. CLELAND

MICHAEL J. ASTRUE,             MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER
OF SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This social security case comes before the court on the parties' cross motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion be **GRANTED** and that the plaintiff's motion be **DENIED**.

### II. Background

On March 31, 2005, plaintiff filed for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging that she was disabled due to hypertension, liver and small intestine infection, and cancer with an onset date of June 1, 2004. (Tr. 110-11)[1] Plaintiff completed high school, and has a work history as a certified nurse's assistant, medical assistant, and data entry operator. (Tr. 91)

---

[1] A previous application filed for DIB was denied by the Commissioner on July 8, 2002. (Tr. 44) The record does not reflect whether plaintiff requested a hearing with an ALJ.

The Social Security Administration (SSA) denied plaintiff's applications on September 30, 2005. (Tr. 39) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 38) The hearing was held on March 19, 2008, before ALJ David K. Gatto. (Tr. 311-324) Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On May 16, 2008, the ALJ issued a decision denying plaintiff's application at step four. (Tr. 9) The ALJ determined that plaintiff had severe impairments of "history of biliary stenosis with surgical repair, hypertension, and obesity." (Tr. 14) The ALJ also determined that plaintiff did not have an impairment that met or equaled any of the Listed Impairments in Appendix 1, Subpart P, of the Social Security regulations. (Tr. 15) Further, the ALJ determined that plaintiff "has the residual functional capacity to perform the full range of medium work," which included her past relevant work as it is "generally performed." [2] (Tr. 15, 17)

Although the plaintiff testified that her past work was performed at a higher exertional level, the ALJ found that the job of nurse assistant is generally medium work and the plaintiff would be able to perform it. (Tr. 17) Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act (SSA). (Tr. 17) Plaintiff was 55 years-old at the time of the ALJ's decision and had completed one year of college. (Tr. 65, 82)

On May 29, 2008, plaintiff requested review of the ALJ's decision with the SSA's Appeals Council. (Tr. 8) On December 24, 2008, the Appeals Council notified plaintiff that it had denied the request for review. (Tr. 4)

On January 16, 2009, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the court on the parties'

---

[2] As defined in 20 C.F.R. 404.1567(c) and 416.967(c).

[2]

cross-motions for summary judgment. Plaintiff contends that the ALJ and Appeals Council erred in assessing the level of work plaintiff can perform her RFC and also in considering the effect plaintiff's obesity has on her ability to perform medium level work. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

### III. Legal Standards

#### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). *See also* 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c (a)(3)(B). *See also* 42 U.S.C. § 423(d)(2)(A).

The claimant bears the burden of proving that he is disabled. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate both DIB and SSI claims. 20 C.F.R. §§ 404.1520, 416.920. In *Foster*, the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment

[3]

> meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functioning capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work. *Id.* (citations omitted).

### B. Standard of Review

Plaintiff seeks review of the commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681. "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key* at 273.

**IV. <u>Analysis</u>**

The ALJ made his decision at step four of the five-step analysis used to evaluate both DIB and SSI claims. The ALJ determined plaintiff's residual functional capacity (RFC) is the full range of medium work, and includes plaintiff's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(iv); 20 C.F.R. §§ 404.1545, 416.945. The term "residual functional capacity" ("RFC") is defined as the most work an individual can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. 20 C.F.R. §§ 404.1545, 416.945, SS-R 96-8p.

After determining the plaintiff's RFC, an ALJ must compare it to the requirements of the plaintiff's past relevant work. 20 C.F.R. §§ 404.1560(a), 416.960(a). "Past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b). If the plaintiff can perform her past relevant work, then she is not disabled. *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001); 20 C.F.R. §404.1520(f). Here, plaintiff argues that the decision at step four is not supported by substantial evidence.[3]

**A. Accuracy of RFC in Performing Medium Work**

In this case, the plaintiff challenges the finding by ALJ Gatto that the plaintiff has the RFC to perform the full range of medium work activity. (Tr. 15) Medium work is defined as "lifting 25 pounds frequently and 50 pounds occasionally, with sitting/standing/walking up to six hours each for a total of eight hours of work per day." (Tr. 17)

---

[3] As noted in plaintiff's brief, if the plaintiff cannot perform her past relevant work and is restricted by light work, GRID Rule 202.06 directs a conclusion of "disabled" at age 55.

[5]

Plaintiff argues that the RFC is inaccurate because the plaintiff has extreme pain, constant fatigue, and must rest three times daily for 30-45 minutes. Essentially, the plaintiff argues that the ALJ's evaluations of the medical evidence was in error. Specifically, plaintiff argues that ALJ Gatto failed to properly assess the claimant's testimony on her capacity to function on a full-time basis. In addition, plaintiff relies on the agency's Notice of Disapproved Claim, dated September 30, 2005, which states that the plaintiff cannot be expected to do "work requiring much lifting." (Tr. 39, 289) The ALJ found that the plaintiff could perform her previous work.

Contrary to the plaintiff's arguments, the ALJ's RFC determination was supported by substantial evidence. There is no conflicting medical evidence supporting that the plaintiff has any limitations on what she can or cannot do in her daily activities. Also, there are no effects on the plaintiff's ability to perform daily activities. Further, the plaintiff did not complain to her doctors of existing symptoms.

Plaintiff testified that her medications have side effects and make her "a little sleepy." (Tr. 315) Plaintiff does not complain about any side effects from any of her medications in her disability report. (Tr. 114) The record does show that the plaintiff reported to Dr. Haddad on May 10, 2005, that her medication Catapres made her "sleepy" (Tr. 239) and the record shows that other HBP medication, Maxzide, was also given on the same date. (Tr. 237) There are no further complaints to Dr. Haddad in the record.

Plaintiff's testimony about her medical symptoms is not corroborated by the medical evidence in the record. While the medical evidence shows the existence of plaintiff's impairment, it does not establish that plaintiff is restricted from any physical activities nor has any limitations. On September 1, 2005, Dr. Sills reported that the plaintiff "was able to walk easily into the examination room and was able to get up on the table without difficulty." (Tr.

[6]

251) Dr. Sills also reported that the plaintiff had no deformities and had full range of motion in her extremities. (Tr. 252) From March 2005 to May 2005, Dr. Haddad's progress reports show plaintiff's hypertension and blood pressure are controlled when the plaintiff takes her medication as directed. (Tr. 234-41)

Plaintiff's record of daily activities also weakens her credibility. In her report of daily activities, plaintiff indicated that she prepares meals, watches her grandchildren, sews, talks on the telephone, does household chores, shops, drives, and goes to church. (Tr. 117-21) Plaintiff testified at her hearing that she must take frequent breaks while cleaning and doing dishes in her home. (Tr. 314) In plaintiff's past work she cleaned and bathed patients. This job was lost due to downsizing while plaintiff was having surgery. (Tr. 111, 313) Plaintiff testified that she later attempted to return to work as a nurse assistant, but a liver infection forced her to quit. (Tr. 111, 313) Her problems and complaints to her doctors have not been persistent on most of the medical statements, and the ALJ appropriately found that, "[t]his demonstrates that the condition was not disabling then and, absent evidence to the contrary, has not caused additional limitations since the alleged onset date." (Tr. 16) Such daily activities, including her past relevant work, are consistent with the RFC finding.

The opinion of the consulting physician, Dr. Sills, is the only opinion in the record and is consistent with the RFC. As stated by the ALJ:

> The only medical opinion in this record is that of the Michigan Disability Determination Service medical consultants, who concluded that the claimant is capable of performing the full range of medium work; i.e. lifting 25 pounds frequently and 50 pounds occasionally, with sitting/standing/walking up to six hours each for total of eight hours of work per day. (Tr. 17)

Plaintiff appears to challenge the ALJ's finding that the plaintiff was not credible. Even though defendant does not believe that the plaintiff challenges the ALJ's credibility finding (Def.

[7]

Br. 9), the court's review of the plaintiff's argument is that the plaintiff appears to be seeking a review of the ALJ's credibility finding. An ALJ's findings regarding the credibility of the applicant "are to be accorded great weight and deference, particularly since an ALJ is charged with a duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). However, credibility assessments are not insulated from judicial review. Despite the deference due, such a determination must nevertheless be supported by substantial evidence. *Id*. With regard to allegations of disabling pain, the regulations provide that a claimant's statements regarding her "pain or other symptoms will not alone establish that [she is] disabled[.]" 20 C.F.R. § 404.1529(a); *see also Walters*. Rather,

> there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence…would lead to a conclusion that you are disabled. 20 C.F.R. § 404.1529(a).

Here, the ALJ states that the plaintiff's complaints "concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]." (Tr. 15) Such a determination is consistent with the evidence discussed above and according great weight and deference to the ALJ's superior position to observe plaintiff's testimony, substantial evidence exists to support the ALJ's credibility determination.

The plaintiff questioned the ALJ's findings compared to the Notice of Disapproved Claim. Plaintiff notes that the SSA stated that the plaintiff could do light work, but the finding by the ALJ was that she could do medium work. Plaintiff does not cite to any case law to show that the Notice of Disapproved Claim is binding on the ALJ, nor does the defendant address the notice. The ALJ makes the final determination on a claimant's RFC based on all of the evidence.

*White v. Comm'r of Social Sec.*, 572 F.3d 272, 286 (6th Cir. 2009); *Wilson v. Astrue*, No. 08-57,

*\_\_\_, 2009 WL 1811879 (E.D. Mo. June 25, 2009).

### B. Effect of Obesity on RFC

Within the meaning of the Social Security Act, "[o]besity is a complex, chronic disease characterized by excessive accumulation of body fat." SS-R 02-1p. There are multiple ways to handle obesity under this ruling, but the ALJ is not required to make findings on the effects of obesity if none exist. More specifically,

> we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record. SS-R 02-1p.

With respect to her obesity, plaintiff first argues that the ALJ did not evaluate the plaintiff's obesity or take her obesity into consideration in his decision.[4] However, the RFC determination discussed above, and which was supported by substantial evidence, clearly encompassed all of plaintiff's severe impairments, including her obesity. Moreover, the ALJ also specifically addressed plaintiff's claim about obesity:

> As for obesity, she has been advised to follow a reduced calorie diet, but has not been placed on activity limitations due to the disorder. There is no evidence of obesity-related musculoskeletal conditions such as arthritis in the knees or ankles, which would limit her ability to perform exertional work-related activities. (Tr. 17)

The ALJ also stated, "[t]here is no evidence of a medical condition, even obesity, that would require the claimant to rest as she indicated." (Tr. 16)

---

[4] Plaintiff relies on both SS-R 02-1p and SS-R 00-3p in support of this claim for disabling obesity. However, in 1999, SS-R 00-3p was superseded by SS-R 02-1p. This court will only consider SS-R 02-1p.

Nothing in the plaintiff's medical records support any finding that plaintiff's medical problems were the result of her obesity or that her obesity prevented her from any type of activity. The ALJ determined that "[t]here is no evidence of a medical condition, even obesity, that would require the claimant to rest as she indicated." (Tr. 16) Given the evidence discussed, such that determination regarding obesity, was supported by substantial evidence.

### V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within 10 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: October 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on October 29, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
