**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAMELA T. EVANS,

       Plaintiff,

v.                                   Case No. 09-10184

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

                                                 /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS,
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
(3) GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,
AND (4) DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On October 29, 2009, Magistrate Judge Virginia M. Morgan issued a Report and

Recommendation ("R&R") in the above-captioned matter, recommending that this court

grant Defendant Commissioner of Social Security's "Motion for Summary Judgment"

and deny Plaintiff Pamela Evans's "Motion for Summary Judgment."  On November 11,

2009, Plaintiff filed timely objections to the R&R, and the Government filed a response

on November 18, 2009.  Having reviewed the briefs, the court concludes that a hearing

is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court

will overrule Plaintiff's objections, adopt the R&R, grant Defendant's "Motion for

Summary Judgment," and deny Plaintiff's "Motion for Summary Judgment."

**I. BACKGROUND**

On May 31, 2005, Plaintiff filed an application for a period of disability, disability

insurance benefits, and supplemental security income, alleging a disability onset date of

June 1, 2004.  (Tr. at 12.)  In order to determine whether a person is disabled under the

Social Security Act, the Social Security Administration applies a five-step sequential

analysis pursuant to 20 C.F.R. § 404.1520.  The Sixth Circuit has summarized the steps

as follows:

> The claimant must first show that she is not engaged in substantial gainful
> activity.  Next, the claimant must demonstrate that she has a 'severe
> impairment.'  A finding of 'disabled' will be made at the third step if the
> claimant can then demonstrate that her impairment meets the durational
> requirement and 'meets or equals a listed impairment.'  If the impairment
> does not meet or equal a listed impairment, the fourth step requires the
> claimant to prove that she is incapable of performing work that she has
> done in the past.  Finally, if the claimant's impairment is so severe as to
> preclude the performance of past work, then other factors, including age,
> education, past work experience, and residual functional capacity, must be
> considered to determine if other work can be performed.  The burden
> shifts to the Commissioner at this fifth step to establish the claimant's
> ability to do other work.

*White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 282 (6th Cir. 2009) (citing *Foster v. Halter*,

279 F.3d 348, 354 (6th Cir. 2001), and 20 C.F.R. § 404.1520(a)(4)(i)-(v)).

 The ALJ applied the five-step sequential analysis under C.F.R. § 404.1520 and

concluded that Plaintiff had "not been under a disability within the meaning of the Social

Security Act."  (Tr. at 12.)  Under steps one and two, the ALJ found that Plaintiff had not

"engaged in substantial gainful activity since June 1, 2004" and that Plaintiff had the

following severe impairments:  "history of biliary stenosis with surgical repair,

hypertension, and obesity."  (*Id.* at 14.)  Under step three, the ALJ found that Plaintiff's

impairments did not meet or medically equal "one of the listed impairments in 20 CFR

Part 404, Subpart P, Appendix 1."  (*Id.* at 15.)  Under step four, the ALJ concluded that

Plaintiff was not disabled because she was capable of performing her past relevant

work as a nurse's assistant.  (*Id.* at 17.)  Specifically, the ALJ found that Plaintiff had the

"residual functional capacity to perform the full range of medium work" and that the job

of nurse's assistant  was performed at the medium work level.  (*Id.* at 15-17.)  The ALJ

compared Plaintiff's residual functional capacity with the demands of the job of nurse's

assistant and found that Plaintiff was able to perform the work as it was generally

performed.  (*Id.* at 17.)

On January 16, 2009, Plaintiff sought review of the Commissioner's decision in

this court pursuant to 42 U.S.C. § 405(g).  The case was referred to Magistrate Judge

Virginia Morgan, and both parties filed motions for summary judgment.  The Magistrate

Judge recommended granting the Commissioner's "Motion for Summary Judgment,"

concluding that the ALJ's determination of the Plaintiff's residual functional capacity was

supported by substantial evidence.  Plaintiff has lodged one timely objection to the

Magistrate Judge's R&R.

## II.  STANDARD

### A. Substantial Evidence Standard

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are

conclusive if supported by substantial evidence.  When the Appeals Council declines

review, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per

curiam).  "The decision of an ALJ is reviewed to determine whether it is supported by

substantial evidence and consistent with applicable law."  *Pittsburgh & Conneaut Dock*

*Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007).

This judicial review is limited to the record and evidence that was before the ALJ.  *Cline*

*v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2

F.3d 692, 696 (6th Cir. 1993)).

3

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts.  The court must uphold the ALJ's finding if supported by substantial evidence.  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233.  Moreover, the court bases its review on the entire record, not just what the ALJ cited.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

## B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the

4

parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50.  The

Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that

"[t]he filing of objections to a magistrate's report enables the district judge to focus

attention on those issues--factual and legal--that are at the heart of the parties' dispute."

*Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to

the district court will be preserved for appellate review;  making some objections but

failing to raise others will not preserve all the objections a party may have."

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith*

*v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### III.  DISCUSSION

In her objection, Plaintiff argues that her "limited ability to do sporadic daily

activities do not equate with an ability to perform medium work activity and do not

weaken the Plaintiff's credibility about her limitations and abilities."  (Pl.'s Objs. at 6.)

Plaintiff challenges the Magistrate Judge's determination that the ALJ's credibility finding

was supported by substantial evidence, arguing that "the magistrate's report that the

Plaintiff's daily activities weaken her credibility is contrary to case law."  (*Id.* at 2-3 (citing

R&R at 7).)  Plaintiff also contends that her activities "do not evidence an ability to

perform medium work activity."  (*Id.* at 2.)  Specifically, Plaintiff challenges the following

statement from the R&R: "Also, there are no effects on the plaintiff's ability to perform

daily activities.  Further, the plaintiff did not complain to her doctors of existing

symptoms."  (*Id.* at 3 (quoting R&R at 6).)[1]

As to Plaintiff's credibility, the court finds that the ALJ's credibility determination

was not contrary to case law, and the Magistrate Judge properly applied the correct

standards in reviewing the ALJ's determination.  This court will not set aside the ALJ's

credibility determination without a compelling reason.  "Since the ALJ has the

opportunity to observe the demeanor of a witness, his conclusions with respect to

credibility should not be discarded lightly and should be accorded deference."  *Casey,*

987 F.2d at 1234 (quoting *Hardaway v. Secretary of Health and Human Servs.,* 823

F.2d 922, 928 (6th Cir. 1987)); *see also Myers v. Richardson*, 471 F.2d 1265, 1267 (6th

Cir. 1972) (emphasizing that the fact-finder in a social security benefits case, not the

court, is charged with passing upon the credibility of witnesses and weighing evidence).

Rather, the court's review "is limited to determining whether the [ALJ's] findings are

supported by substantial evidence and whether [he] employed the proper legal

---

[1]Plaintiff argues that this statement is incorrect because the record reveals that her medications make her sleepy and that she complained of leg and knee cramps. (Pl.'s Obs. at 3.)  However, the ALJ's statements regarding lack of medical evidence deal with claimant's alleged migraine headaches, noting that there was "no medical evidence of complaints about or treatment for headaches."  (Tr. at 16.)  With respect to the leg pain complaints, the ALJ did not indicate that there was no record of these medical complaints.  Rather, the ALJ found Plaintiff's complaints were inconsistent with the physician's findings that she possessed a full range of motion.  (*Id.*)  Regarding the medications, the ALJ stated that Plaintiffs' complaints were inconsistent with the fact that she was "very complaint with medications, says she feels well, and requests refills of her prescriptions" and that if the medication was forcing Plaintiff to lie down three times a day for forty-five minutes, it would be expected that she would have notified her physician.  (*Id.*)  Accordingly, the court finds no error in the ALJ's determinations, nor in the Magistrate Judge's summary of these determinations.

standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citation omitted).

In the present case, the ALJ employed the proper legal standard when reaching his conclusion. (Tr. at 15 ("In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p."). The ALJ applied the proper two part test when analyzing Plaintiff's symptoms. The Sixth Circuit has articulated this test as follows:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.*

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). Under the first prong, the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. at 15.) Under the second prong, the ALJ found "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." (*Id.*) The ALJ proceeded to analyze the record as a whole, including finding that the "claimant's daily activities are consistent with the residual functional capacity but inconsistent with her subjective allegations." (*Id.* at 16.) The ALJ noted that Plaintiff cooks, cleans, does laundry, shops, reads, sews, attends church, and watches TV. (*Id.*) The Magistrate Judge concluded that substantial evidence supported the ALJ's credibility determination

because it was "consistent with the evidence" and was to be accorded "great weight and deference" because of the ALJ's "superior position to observe plaintiff's testimony." (R&R at 8.)

Plaintiff argues that the ALJ's consideration of Plaintiff's daily activities was in error. However, an "ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters*, 127 F.3d at 532. In *Walters*, the claimant admitted to "being able to run all of his errands, walk two miles, prepare all of his meals, and drive three times a week," and the Sixth Circuit concluded that the "ALJ acted properly when he took these factors into account" when assessing the claimant's credibility. *Id.* The Sixth Circuit reached a different conclusion in *Rogers* v. *Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007), where the ALJ noted that the claimant "is still able to drive, clean her apartment, care for two dogs, do laundry, read, do stretching exercises, and watch the news." 486 F.3d at 248. The Sixth Circuit rejected the ALJ's reliance on the claimant's daily activities and found that the credibility determination was not supported by substantial evidence. *Id.* at 248-49. It reasoned that "these somewhat minimal daily functions are not comparable to typical work activities," the ALJ failed to "examine the physical effects coextensive" with the performance of these daily activities, and the ALJ failed to consider the assistance that the claimant received in performing these activities. *Id.* at 249.

Plaintiff cites *Rogers* and argues that her "limited ability to do sporadic activities" does not "weaken the Plaintiff's credibility about her limitations and abilities." (Pl.'s Objs. at 6.) Plaintiff alleges that the record "shows that the Plaintiff reported that she gets short of breath after walking 50 to 100 feet. She does not grocery shop. Her

8

daughter helps with the laundry.  Her medications cause her to feel sleepy.  She needs

to rest during the day." (*Id.* at 3 (citations to the record omitted).)  Indeed, Plaintiff is

correct in that the mere fact that Plaintiff can perform these relatively mundane daily

activities by itself does not support a negative inference regarding Plaintiff's credibility.

*See Rogers*, 486 F.3d at 247-48.  However, when considering the credibility of

"claimant's statements concerning the intensity, persistence and limiting effects" of her

symptoms, the ALJ considered numerous other evidence.  (Tr. at 15-17.)  For example,

the ALJ found little evidence of severe pain or fatigue in the medical record, found no

medical evidence of complaints or treatments for alleged migraine headaches, and

found that Plaintiff's testimony regarding the unpleasant side effect of the medication is

inconsistent with her stating that she feels well and requests refills of her prescriptions.

(*Id.* at 16.)  The ALJ noted other inconsistencies in Plaintiff's testimony, including that

Plaintiff's complaints of shortness of breath is contradicted by her medical appointment

in June of 2007, where she denied chest pain or shortness of breath.  (*Id.* (citing Ex.

10F).)  Further, Plaintiff's complaints regarding leg pain limiting her ability to stand was

contradicted by the medical evidence.  (*Id.*)  Specifically, this testimony was

contradicted by Dr. Sills's report, which stated that "the claimant ambulated with a

normal gait, had full range of motion of the entire spine, bent over and touched her toes,

fully flexed and extended the knees, and demonstrated normal ankle motion." (*Id.*

(citing Ex. 6F).)  *See Walters*, 127 F.3d at 531 (finding that one doctor's findings

concerning range of movement and muscle spasms were contradicted by another

doctor's findings that the claimant "had full range of motion of the spine, 90-degrees leg

lifting capabilities without pain, and no muscle spasms").  Also, the ALJ found that

Plaintiff's testimony regarding her symptoms of hypertension was reasonable, but her symptoms are properly controlled by medication. (Tr. at 16.) *See Walters*, 127 F.3d at 531 (finding no medical evidence had been presented that could "reasonably be expected to produce the alleged disabling pain" and noting that the doctors who examined the claimant's "hypertension found that it was well-controlled with medication"). Based on the totality of the ALJ's findings and giving the ALJ's credibility determination due deference, the court finds that the ALJ's credibility determination was supported by substantial evidence. *See Casey,* 987 F.2d at 1234

Plaintiff further argues that ALJ erred because "the sporadic activities performed by the Plaintiff do not equate with an ability to perform work in a competitive setting." (Pl.'s Objs. at 4.) Specifically, Plaintiff argues that the "claimant's ability to perform simple functions such as driving, grocery shopping, dish washing and floor sweeping does not necessarily indicate an ability to perform substantial gainful activity." (*Id.* at 4 (citing *Walston v. Gardner*, 381 F.2d 580, 585-86 (6th Cir. 1987); *Polly v. Gardner*, 364 F.2d 969, 974 (6th Cir. 1966).) However, as explained above, the ALJ "did not find that Plaintiff was able to perform a wide variety of daily activities, and therefore could perform medium work on a regular basis." (Govt.'s Resp at 2.) Instead, the ALJ found that Plaintiff's daily activities were inconsistent with her subjective allegations. (Tr. at 16.) The ALJ properly analyzed all of the record and found that Plaintiff had the residual functional capacity to perform the full range of medium work as defined by C.F.R. § 404.1567. This finding is supported by substantial evidence, as the Magistrate Judge correctly concluded. Accordingly, the court will overrule Plaintiff's objection to the Magistrate Judge's report.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. #

13] are OVERRULED and the Magistrate Judge's October 29, 2009 report and

recommendation [Dkt. # 12] is ADOPTED IN FULL AND INCORPORATED BY

REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Summary Judgment" [Dkt.

# 10] is DENIED and Defendant's "Motion for Summary Judgment" [Dkt. # 11] is

GRANTED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, December 1, 2009, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\09-10184.EVANS.SocialSecurity.R&R.npk.wpd